**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **BO CHEN,**<br>**Petitioner,**<br>**v.**<br>**ERNESTO SANTACRUZ,** *Field Office Director, Enforcement and Removal Operations, Los Angeles Field Office, U.S. Immigration and Customs Enforcement*, **et al.,**<br>**Respondents.** | **NO. 5:26-cv-05007-KS**<br><br>**MEMORANDUM OPINION AND ORDER RE: PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY UNDER 28 U.S.C. § 2241** |

Before the Court is the Petition for Writ of Habeas Corpus by a Person in Federal Custody Under 28 U.S.C. § 2241 ("Petition") filed by counsel for Petitioner Bo Chen on August 31, 2026. (Dkt. No. 1.) On the same date, Petitioner, who is currently detained in Immigration and Customs Enforcement ("ICE") custody at the Adelanto ICE Processing Center ("Adelanto"), filed an Ex Parte Motion for Temporary Restraining Order and Order to Show Cause re Preliminary Injunction ("TRO Motion"). (Dkt. No. 3.)

On the same date, the Clerk's Office issued a Notice of General Order 26-05 and Briefing Schedule. (Dkt. No. 6.) On September 1, 2026, the undersigned Chief Magistrate Judge issued an Order Setting Briefing Schedule as to Petitioner's TRO Motion. (Dkt. No. 7.) That Order gave Respondents the option to "file a combined response to the Motion and the underlying habeas petition." (*Id.*)

On September 2, 2026, the parties consented to have this case proceed before a Magistrate Judge for all purposes, including the entry of judgment. (Dkt. Nos. 5, 8.)

On September 8, 2026, Respondents filed a combined Response to the Petition and the TRO Motion. (Dkt. No. 10.) On September 9, 2026, Petitioner's counsel filed a Reply. (Dkt. No. 11.) The matter is now submitted for decision. In light of the fact that the claims in the Petition are now fully briefed and the Court now addresses the ultimate issues in this proceeding, the Court **DENIES** the TRO Motion as **MOOT**.

## PROCEDURAL BACKGROUND

Petitioner alleges as follows. He is a native and citizen of China who entered the United States on February 6, 2026, "as a B-2 nonimmigrant visitor" who was "authorized to remain until August 6, 2026." (Dkt. No. 1 at 8, 11.[1]) On or about July 31, 2026, "Petitioner's spouse filed an affirmative Form 1-589 application for asylum, withholding of removal, and Convention Against Torture protection with [U.S. Citizen and Immigration Services ("USCIS")], identifying Petitioner as a derivative beneficiary." (*Id.* at 11-12.)

On August 24, 2026, after the date Petitioner was authorized to remain in the U.S. pursuant to his B-2 visitor visa, Petitioner appeared with his spouse and children at a designated application support center as directed by USCIS for a biometrics appointment. (*Id.* at 12.) "ICE officers arrested Petitioner during that appointment." (*Id.*) The Department of Homeland Security "thereafter served a Notice to Appear alleging removability under [Immigration and Nationality Act] § 237(a)(l)(B) and detained him under 8 U.S.C. § 1226(a)." (*Id.*) Removal proceedings remain pending before an immigration court and Petitioner has remained detained at Adelanto since his August 24, 2026 arrest. (*Id.* at 3.) Petitioner has not, as of the filing of

[1] The Court's page citations refer to the page numbers provided by its CM-ECF docketing system near the upper right corner of each page.

the Petition, received a hearing before an immigration judge to determine whether he poses a danger to the community or is a flight risk. (*Id.*)

## PETITIONER'S CLAIMS FOR RELIEF

Petitioner contends: (1) that his detention without a pre-deprivation or immediate post-deprivation hearing, particularly "where detention follows a voluntary appearance for required immigration processing and no neutral decisionmaker first determines whether custody is actually necessary," violates the Fifth Amendment Due Process Clause as applied by *Mathews v. Eldridge*, 424 U.S. 319 (1976); (2) exhaustion is not required here because the available administrative remedies are futile and inadequate; and (3) Petitioner's continued detention is arbitrary and no longer reasonably related to a legitimate governmental purpose. (*Id.* at 13-17.)

Petitioner requests that the Court "[o]rder Respondents to immediately release Petitioner from immigration custody" and/or "[g]rant such other and further relief as the Court deems just and proper." (*Id.* at 17.)

## RESPONDENTS' ANSWER

In the combined Response, Respondents argue that Petitioner "is properly detained pending" an initial bond hearing to which Petitioner is entitled under *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), "because this is the Petitioner's first detention; he was not previously released from immigration detention or paroled." (Dkt. No. 10 at 2.) Respondents further argue that "at most" the remedy here "would be ordering a bond hearing to be held before an Immigration Judge under § 1226(a)." (*Id.*)

As to Petitioner's claims, Respondents contend that Petitioner's "due process claim fails because he has not gained a vested liberty interest" as "this is the first time Petitioner has ever

been detained by ICE." (*Id.* at 3.) Respondents add that, unlike a previously-paroled immigration detainee whose release on parole creates an "implicit promise that parole will be revoked only if he fails to live up to the parole conditions," "[a]n individual who has overstayed his nonimmigrant visa, like Petitioner, does not have a conditional liberty interest protected by the Due Process Clause." (*Id.* (citation omitted).)

Additionally, Respondents argue that to the extent Petitioner "has not yet requested a bond hearing from the Immigration Court," he "has not yet properly exhausted" his available administrative remedies, that exhaustion here is not futile as determined in *Rodriguez Vazquez*, and that Petitioner "can also seek a *Rodriguez* bond hearing in the Immigration Court after 180 days of total detention time." (*Id.* at 4-5.) Finally, Respondents request that "to the extent a bond hearing is nonetheless affirmatively ordered here, it should be consistent with what Courts in this District have generally ordered in similar cases prior to the [*Rodriguez Vazquez*] ruling, which is to require an 8 U.S.C. § 1226(a) hearing to be provided in seven days." (*Id.* at 5.)

## THE REPLY

In the Reply, Petitioner's counsel argues that Respondents' acknowledgment that Petitioner is entitled to request an initial bond hearing is an implied concession that Petitioner is detained under 8 U.S.C. § 1226(a), and not subject to mandatory detention under sections 1225(b) or 1226(c), and "persons detained under that provision have access to individualized custody proceedings." (Dkt. No. 11 at 2.)

Petitioner further argues that, whether or not he has "pursued the administrative bond procedure that Respondents now concede is available," his constitutional challenge is to "the manner in which his liberty interest was taken when ICE arrested him at a USCIS-directed biometrics appointment and continued his detention without any prompt neutral determination of necessity." (*Id.*) Petitioner ultimately contends that "Respondents have failed to identify

any individualized basis justifying continued detention, and no neutral adjudicator has determined that Petitioner poses either a danger to the community or a risk of flight." (*Id.* at 3.) Therefore, "[b]ecause the Government has not demonstrated that further confinement is necessary to serve any legitimate regulatory purpose, continued detention is unlawful, and immediate release is the appropriate habeas remedy." (*Id.*)

## LEGAL STANDARDS

### I. Writ of Habeas Corpus

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759 (9th Cir. 2020).

### II. Due Process Under the Fifth Amendment

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. *See* U.S. Const., amend. V. These protections extend to noncitizens present in the United States. *See, e.g.*, *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) (per curiam) (internal quotation marks omitted) ("It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in the context of removal proceedings."); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or

permanent."); *Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021) (internal quotation and alterations omitted) ("The Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."). Indeed, "the government's discretion to incarcerate noncitizens is always constrained by the requirements of due process . . . ." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017).

The Due Process Clause provides both procedural and substantive protections. *See, e.g.*, *Regino v. Staley*, 133 F.4th 951, 959 (9th Cir. 2025) (internal quotation omitted) ("This clause protects individuals against two types of government action: violations of substantive due process and procedural due process."). To determine whether detention violates procedural due process, courts frequently apply the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022) (collecting cases and applying the *Mathews* test to a constitutional challenge to detention pursuant to 8 U.S.C. § 1226(a)). Under *Matthews*, courts weigh three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 332, 335.

"Substantive due process protects individuals from state action that interferes with fundamental rights." *Regino*, 133 F.4th at 959-60. Governmental action that infringes a fundamental right is constitutional only if "the infringement is narrowly tailored to serve a compelling state interest." *Reno v. Flores*, 507 U.S. 292, 302 (1993). By contrast, governmental action that does not infringe a fundamental right survives "substantive-due-process scrutiny so long as [the action is] rationally related to legitimate government interests." *Stormans, Inc. v. Wiesman*, 794 F.3d 1064, 1085 (9th Cir. 2015) (internal quotation omitted). To assess whether there has been a violation of a fundamental right, courts begin with "a careful

description of the asserted fundamental liberty interest." *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997) (internal quotation marks omitted).

**DISCUSSION**

It is undisputed that Petitioner is entitled to the protections of procedural and substantive due process with respect to his immigration detention. *See Trump v. J.G.G.*, 604 U.S. at 673; *Zadvydas*, 533 U.S. at 693; *Hussain*, 985 F.3d at 642. Indeed, "the government's discretion to incarcerate noncitizens is always constrained by the requirements of due process." *Hernandez*, 872 F.3d at 981.

Petitioner has, to-date, been in ICE custody for less than three weeks, has never previously been in ICE detention or released on parole from a prior detention, and has apparently not requested the bond determination whose omission he contends violates due process. Under the circumstances, the Court finds Respondents' citation to *Wang v. Janecha*, No. 5:26-cv-4447-BFM, 2026 WL 2584800 (C.D. Cal. Aug. 31, 2026) very persuasive; the facts, reasoning, and conclusion of that case guide this Court's due process analysis.

As to procedural due process, the first and second *Mathews* factors do not weigh in Petitioner's favor. Concerning the first *Mathews* factor, "courts in this Circuit, including this one, have found that noncitizens who have been released on parole have a liberty interest in maintaining that liberty" but "Petitioner was not previously released on parole. An individual who has overstayed [his] nonimmigrant visa does not have a *conditional* liberty interest protected by the Due Process Clause." *Id.* at *1 (emphasis in original). Further, as to the second *Mathews* factor, "[t]he risk of an erroneous deprivation of Petitioner's liberty interest" is also not as high in a case such as this as it would be "in cases where noncitizens were conditionally released or paroled." *Jemna v. Warden of Otay Mesa Det. Ctr.*, No. 3:26-cv-00725-RBM-VET, 2026 WL 788172, at *5 (S.D. Cal. Mar. 20, 2026).

However, as to the third *Mathews* factor, the Court also finds that "the government's interest in detaining Petitioner without a bond hearing is low." *Drake v. Warden*, No. 1:26-cv-02242-KES-CDB (HC), 2026 WL 1601546, at *10 (E.D. Cal. June 4, 2026); *see also R.I. v. Wofford*, No. 1:25-cv-01637-KES-SKO (HC), 2025 WL 3768205, at *7 (E.D. Cal. Dec. 31, 2025) ("[A]lthough the government has a strong interest in enforcing the immigration laws, the government's interest in detaining petitioner without a hearing is low.") (citation and internal quotation marks omitted); *see also Jensen v. Garland*, No. 5:21-cv-01195-CAS (AFM), 2023 WL 3246522, at *6 (C.D. Cal. May 3, 2023) ("[T]he government's interest in detaining a noncitizen without a bond hearing is not as weighty as the petitioner's interest."); *Galdillo v. United States*, No. EDCV 21-724 JGB (KKx), 2021 WL 4839502, at *3 (C.D. Cal. May 7, 2021) (same).

Nevertheless, on balance, in applying the *Mathews* factors to the facts of this case above, the Court finds that because the first two *Mathews* factors weigh against Petitioner because this is the first time he has ever been in ICE custody, Petitioner has failed to establish a procedural due process violation. *Wang*, 2026 WL 2584800, at *1-2.

As to Petitioner's substantive due process argument, that too is unavailing. "While any period of custody is difficult," a detention of less than one month "is not unusually prolonged for civil detention purposes." *Wang*, 2026 WL 2584800, at *3 (collecting cases). Moreover, "[a] bond hearing is the primary test of whether detention is excessive to the government's interest in detention."[2] *Id.* (citing *Martinez Leiva v. Becerra*, No. 23-cv-02027-CRB, 2023 WL 3688097, at *5 (N.D. Cal. May 26, 2023)). As "[t]here is no record that Petitioner ever had or that [he] requested" a bond hearing in this case, the Court "is not inclined to grant a constitutional claim where the statutory route has not yet proved inadequate." *Id.*

[2] The Court notes that, while it appears premature for the Court to order a bond hearing, Respondents take the position that Petitioner "appears to be entitled to request and receive an initial bond hearing." (Dkt. No. 10 at 2.)

## CONCLUSION

For the reasons discussed above, the Court DENIES the Petition. Judgment shall be entered dismissing this action.

DATE: September 11, 2026

Karen L. Stevenson
HON. KAREN L. STEVENSON
CHIEF U.S. MAGISTRATE JUDGE